IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-80123 |
| | ) | |
| ANTHONY R. PENRY and | ) | CH. 13 |
| JESSICA D. PENRY, | ) | |
| | ) | |
| Debtor(s) | ) | |

ORDER

This matter is before the court on Filing No. 50, Supplemental Application for Compensation, filed by Albert P. Burnes.

Counsel for the Chapter 13 debtors has filed a supplemental fee application requesting the allowance of $4,795.00 in fees and $80.20 in expenses. Pursuant to the terms of the local rule in effect on the confirmation date, July 28, 2005, counsel was allowed fees in the amount of $1,800.00 and expenses in the amount of $200.00 without the need for itemization. The local rule anticipated that if counsel declined to itemize the services rendered by the confirmation date, $1,800.00 would cover all aspects of the representation absent extraordinary services.

Although only minimal services in the amount of 2.3 hours have been provided by counsel since the end of 2006, the application covers all time expended from the date counsel first met with the debtors in December of 2004 through January of 2008.

Counsel has received $1,800.00 for services rendered from the beginning of his representation to confirmation. Had he itemized his time and filed an application for fees representing the actual amount of time he had expended before or even soon after confirmation, the court would have considered the time expended and made an appropriate award. However, it is not appropriate for counsel, close to the end of a case, to request supplemental fees and include all of the time expended from the initiation of the representation through confirmation and forward through the end of the case. According to local rule, $1,800.00 is all counsel gets unless counsel has provided extraordinary services and filed a detailed fee application.

A detailed review of the supplemental fee application from and after July 28, 2005, shows counsel expended 14.6 hours at $160.00 per hour, and 2.3 hours at $170.00 per hour. Paraprofessionals expended 2.5 hours at $85.00 per hour. The total dollar amount of those services rendered, $2,940.00 and $80.20 in out-of-pocket expenses in addition to the original $200.00 allowance, have been incurred post-confirmation. The post-confirmation services included significant time spent dealing with mortgage payment defaults, potential mortgage refinancing, and car title issues. All of these services were necessary and could not have been anticipated prior to confirmation. The amount charged for such services is reasonable and the services were beneficial to the debtors.

THEREFORE, IT IS ORDERED that fees and expenses are allowed on a supplemental basis in the amount of $3,020.20. The balance of the fee application (Fil. #50) is denied.

DATED:    February 27, 2008.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Albert P. Burnes
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.